Argued February 1, affirmed February 15, rehearing denied March 28, 1916.

# HENNIGAN *v*. MATHEWS.*

### (155 Pac. 169.)

**Boundaries—Deeds—Construction—Monuments.**

1. One owning land abutting on a stream conveyed portions by metes and bounds, but giving calls for the bank of the stream. The property had been previously surveyed, and iron pipes had been driven into the ground to mark the survey some distance from the stream bank. After the conveyance the land lying between the pipes and the bank of the stream was quitclaimed to defendant. Section 878, L. O. L., declares that, when permanent and visible or ascertained boundaries or monuments are inconsistent with measurements, the boundaries or monuments are paramount. *Held* that though, if the lines were run to the pipes planted by the grantor, the number of acres purporting to have been conveyed would be included, nevertheless the stream was a monument which will govern the grant; the grantor's undisclosed intent to convey in title to the bank of the stream not affecting the rights of the parties.

[As to monuments, see note in **129 Am. St. Rep. 996**.]

---

*Generally on the effect of bounding grant on river or tide water, see note in **42 L. R. A. 502**.        REPORTER.

From Lane: LAWRENCE T. HARRIS, Judge.

This is a suit by David W. Hennigan against A. C. Mathews and Minnie Mathews, his wife. From a decree in favor of defendant, plaintiff appeals. The facts are set forth in the opinion of the court.

AFFIRMED.

For appellants there was a brief over the name of *Messrs. Foster & Hamilton*, with an oral argument by *Mr. R. S. Hamilton.*

For respondent there was a brief over the names of *Mr. George F. Skipworth* and *Mr. Jay L. Lewis*, with an oral argument by *Mr. Lewis.*

Department 1. MR. JUSTICE BURNETT delivered the opinion of the court.

1. The common grantor under whom both parties claim was Maud L. Hannum. It is conceded that she owned land described in her deed as follows:

"Beginning at the southwest corner of lot one (1), county survey No. 609, in center of county road in south line of the L. Davis donation land claim No. 42, in Tp. 17 S., R. 4 W., Willamette Meridian; thence running N. 8 degrees and 40 minutes west 3.95 chains; thence east 10.47 chains to the Willamette River; thence up said river south 33 degrees E. 4.73 chains to the south line of said claim; thence N. 89 degrees 40 minutes W. 12.44 chains, to the place of beginning—containing 4½ acres of land, more or less, in Lane County, Oregon."

"Beginning at a point in the center of county road, 3.95 chains N. 8 degrees and 40 minutes west from the southwest corner of lot one (1) of county survey No. 609 on south boundary of donation land claim No. 42, Tp. 17 S., R. four (4) west, Willamette Meridian; thence N. 8 degrees and 40 minutes W. 3.08 chains; thence east 10.52 chains to Willamette River; thence

S. 7 degrees and 45 minutes east 3.06½ chains along said river; thence west 10.47 chains to the place of beginning—containing 3.19 acres of land, more or less, in Lane County, Oregon.''

By mesne conveyances the plaintiff succeeded to the fee-simple title of the two tracts by the two descriptions last above quoted. Much evidence is given on the part of the defendants that, at the time the common grantor sold the two pieces, a survey was made, and that at the east end of each of the lines running toward the Willamette River a pipe was planted at some distance west of the bank of the stream, but far enough from the western boundary to include the number of acres mentioned. After she had executed the conveyances already noted, Mrs. Hannum quitclaimed to the defendants' predecessor in title the lands lying east of the east end of the boundary lines mentioned in her former deeds down to the bank of the Willamette River. It is through this quitclaim deed that the defendants deraign title, and by it they claim a strip of land lying between the upland and the bank of the river in front of the remainder of the original holding.

It is said that the iron pipes driven in the ground were intended by the parties at that time to designate and mark the eastern boundary of the premises conveyed, and that they should control in the present instance. It appears without dispute in the testimony that the plaintiff bought without any notice of the survey or of the pipes, and that he gave a vacant city lot and $5,000 in cash for the premises. The essence of the contention for the defendants is that the pipes constituted monuments, that the north and south boundaries of the plaintiff's land are controlled by them, and that his holding must end with the measured distances as stated in chains and running east from the western boundary of the original tract.

It is said in Section 878, L. O. L., giving rules for the construction of the descriptive part of conveyances, that:

"When permanent and visible or ascertained boundaries or monuments are inconsistent with the measurement, either of lines, angles, or surfaces, the boundaries or monuments are paramount."

It is conceded that the common grantor owned to the actual bank of the Willamette River, and not merely to the bluff or upland. The fallacy of the contention for the defendants is that in conveying the two tracts the grantor did not make monuments of the iron pipes No mention whatever is made of them in her deeds. On the contrary, the monument to which reference is made, and which must control, is the permanent and visible object, the Willamette River. This must prevail over the distance in chains describing the boundaries. The rule cannot be otherwise, for it is well known that the banks of rivers constantly and gradually change by either accretion or avulsion, continually altering the distance from fixed objects on the upland to the river bank.

Much is said in argument about making the deed conform to the intent of the parties, and this is true, if it can be done without doing violence to the language used. It appears without dispute that the intent of Hennigan and his immediate grantor was to convey to the bank of the river, and this purpose is consistent with the language of the deed. It is not shown that either of them had any knowledge of the survey, or of the alleged design of Mrs. Hannum to convey only to the bluff. It would create great confusion in titles if some subsequent innocent purchaser for value could be deprived of a considerable portion of his domain by parol proof of an intent existing in the minds of

79 Or.—40

his predecessors in title of which he had no knowledge. The common grantor, seised as she was of the land running to the bank of the river, placed upon record a conveyance which, when fairly construed by the rule of the Code, passed title to realty abutting upon that stream, although the distance she gives does not go to the water. At least, in favor of one who had no knowledge of her intention, her deed must be construed as taking to the bank of the river. It is enough to say of this question that, if nothing else is shown, the rule is practically inflexible that monuments will control courses and distances. The course of precedent where the principle is directly applied is unbroken in this state. It is taught even by the citations of the defendants.

The decree of the Circuit Court is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.

MR. JUSTICE HARRIS took no part in the consideration of the case.